(No. 67122.—

TARA JOAN HEALY, Appellee, v. WAYNE VAUPEL *et al.*, Appellants.

*Opinion filed January 17, 1990.*

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Clayton L. Lindsey and Kathryn A. Spalding, of counsel), for appellant Wayne Vaupel.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan, Deborah L. Ahlstrand and Michael L. Loker, Assistant Attorneys General, of Chicago, of counsel), and Pickett, Barnett, Larson, Mickey, Wilson & Ochsenchlager, of Aurora (Gary W. Mickey, of counsel), for appel-

lants Bobbie Cesarek *et al.*

Howard R. Wertz, William P. Brady and Kurt P. Klein, of Gallagher, Klein & Brady, of De Kalb, for appellee.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Byron H. Higgins, John T. Coleman and Corinne Seither, of counsel), for *amicus curiae* Board of Trustees of the University of Illinois.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, Tara Joan Healy, brought the present action in the circuit court of De Kalb County, seeking recovery for personal injuries she allegedly sustained in a gymnastics accident while a student at Northern Illinois University. The defendants, who are four employees of the university, moved to dismiss the complaint for lack of subject matter jurisdiction, contending that the Court of Claims provided the sole forum for the suit. The circuit judge refused to dismiss the plaintiff's action but certified, for purposes of a permissive interlocutory appeal under Supreme Court Rule 308 (107 Ill. 2d R. 308), the question whether the Court of Claims had exclusive jurisdiction over the matter. The appellate court denied the defendants' application for leave to appeal. We allowed the defendants' petition for leave to appeal. 107 Ill. 2d R. 315(a).

The plaintiff commenced her action on October 15, 1987. According to the amended complaint, the plaintiff, then a student at Northern Illinois University (NIU) and a member of the university's gymnastics team, was injured on October 23, 1985, at the NIU campus in De Kalb while participating in university-sponsored gymnastic activities. The plaintiff brought the present action against four university employees: athletic directors Robert Brigham and Susie Pembroke-Jones, gymnastics

coach Bobbie Cesarek, and gymnastics team trainer Wayne Vaupel. In the amended complaint the plaintiff alleged that her accident was caused by the defendants' negligent performance of their respective job duties. The plaintiff requested compensatory damages for her injuries, which are described in the pleadings as involving the anterior cruciate ligament.

The defendants moved to dismiss the plaintiff's suit, contending that the circuit court lacked subject matter jurisdiction over the action and that the Court of Claims provided the only forum for the matter. The circuit judge denied the dismissal motions, relying on a decision of the appellate district in which his circuit was located. In a letter to counsel, the judge stated:

> "I agree with counsel for the Defendants to an extent. The 4th District, on the basis of *Robb v Sutton*, 147 Ill. App. 3d 710 and *Christensen v City of Bloomington*, 147 Ill. App. 3d 702 would clearly decide this case for Defendants.
>
> However, in *Madden v Kuehn*, 56 Ill. App. 3d 997 the 2nd District has ruled to the contrary. In the *Madden* case the Court *doesn't* limit its opinion to malpractice cases. Therefore, I believe I am bound to follow it.
>
> Defendants' motions to dismiss for lack of subject matter jurisdiction are denied." (Emphasis in original.)

On the defendants' motion, the circuit judge later certified the following question for purposes of a permissive interlocutory appeal under Supreme Court Rule 308 (107 Ill. 2d R. 308):

> "Whether the statutory immunity provided in Illinois Revised Statutes, Ch. 127, para. 801, and Illinois Revised Statutes, Ch. 37, para. 439.8(d), giving exclusive jurisdiction of actions against the State to [the] Illinois Court of Claims, shall be applicable to the individual defendants in the instant action so as to bar jurisdiction[] of the Circuit Courts of the State of Illinois."

In the certification order, the trial judge declared that he was staying further proceedings in the circuit court pending resolution of the appeal (see 107 Ill. 2d R. 308(e)). Also, the judge expressly noted that he had made no ruling with respect to the defendants' alternative argument that the present action was barred by the common law doctrine of public official immunity.

Pursuant to Rule 308, the defendants filed in the appellate court a timely application for leave to appeal. The appellate court denied the defendants' application. Following that, we allowed the defendants' petition for leave to appeal, under Supreme Court Rule 315(a) (107 Ill. 2d R. 315(a)). We have permitted the Board of Trustees of the University of Illinois to file a brief as *amicus curiae* in behalf of the defendants. See 107 Ill. 2d R. 345.

## I

The plaintiff raises, as an initial matter, several procedural questions with respect to our decision to grant review in the instant case. The plaintiff first argues that we do not have jurisdiction over the present appeal. The plaintiff next contends that this court's decision to allow the present appeal was improvident. Finally, the plaintiff argues that the sole issue properly before us is whether the appellate court abused its discretion in denying the defendants' application for a permissive interlocutory appeal, and that no abuse of discretion occurred. We shall consider each of these arguments in turn.

The plaintiff first contends that we do not have jurisdiction over the present matter because an appeal to this court following the appellate court's denial of a Rule 308 application for appeal is provided for by neither the Illinois Constitution (see Ill. Const. 1970, art. VI, §4(c)) nor supreme court rule. The defendants' petition for leave to

appeal to this court was granted pursuant to Supreme Court Rule 315(a). Noting that Rule 315(a) refers to "a decision sought to be reviewed," the plaintiff asserts that the rule requires, as a condition of our review, that the appellate court have rendered a decision on the merits of the case. It will be recalled that the appellate court denied the defendants' application for an interlocutory appeal and thus did not issue a decision on the merits of the question certified by the circuit judge. The plaintiff concludes that the defendants are, in effect, seeking an unauthorized direct review of the circuit court's order refusing to dismiss the present action.

The procedural course of the present appeal is not unique: this is not the first case in which we have allowed a party's petition for leave to appeal following a decision by the appellate court declining to grant the same party's Rule 308 application for leave to appeal. (See, *e.g.*, *Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308; *Tzystuck v. Chicago Transit Authority* (1988), 124 Ill. 2d 226 (denial by appellate court of application for leave to appeal in one of two consolidated cases); *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1; *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273; *Feen v. Ray* (1985), 109 Ill. 2d 339; *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143; *Prewein v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 141 (denial by appellate court of application for leave to appeal in one of two consolidated cases); *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520; *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104.) In one of those cases a question was raised concerning the propriety of our review of the matter, under Rule 315, following the appellate court's refusal to grant a Rule 308 application for appeal. In *County of Du Page* the court stated:

"Initially we would note that the county, in its brief before us, contends that the court should not have granted the petition for leave to appeal because the appellate court did not abuse its discretion when declining to hear the Rule 308 appeal. Our decision to review this case is not predicated on an abuse of discretion by the appellate court. Rather, it is based on this court's authority to consider any issue determined to warrant review. (See Ill. Const. 1970, art. VI, sec. 4; 87 Ill. 3d R. 315.) Thus we find the county's argument to be without merit." 109 Ill. 2d at 147-48.

We do not discern in Rule 315 a requirement that the appellate court have issued a decision on the merits as a condition of our review; in the present case, the appellate court's decision denying the defendants' application for appeal under Rule 308 was sufficient for purposes of review. Rule 315(a) provides, "Except as provided below for appeals from the Industrial Commission division of the Appellate Court, a petition for leave to appeal to the Supreme Court from the Appellate Court may be filed by any party, including the State, in any case not appealable from the Appellate Court as a matter of right." The plain language of the rule authorizes the present appeal. Contrary to the plaintiff's understanding, the reference in Rule 315 to "the decision sought to be reviewed" cannot be understood to require, as a condition of our jurisdiction, that the appellate court have issued a decision on the merits in the particular case. The language cited appears in a nonexhaustive list of criteria this court will employ in determining whether to grant an appeal pursuant to the rule; they include "the existence of a conflict between the decision sought to be reviewed and a decision of the Supreme Court, or of another division of the Appellate Court." (107 Ill. 2d R. 315(a).) There is no suggestion in the rule that review by this court is contingent on an appellate court decision on the merits.

The plaintiff further argues that leave to appeal was granted improvidently in the present case. The plaintiff believes that a grant of review by this court, following the appellate court's denial of an application for leave to appeal under Rule 308, will frustrate the purpose of that rule and lead to unnecessary delay. In the plaintiff's view, Rule 308 contemplates that the circuit court and the appellate court will enjoy an equal partnership in determining whether a party's request for a permissive interlocutory appeal should be allowed. Noting that a circuit judge's refusal to certify an appeal under Rule 308 will preclude further review under that provision, the plaintiff maintains that the appellate court's refusal to review the matter must have the same effect. The plaintiff believes that the appellate court's role in the process is diminished if this court should agree to hear an appeal from the appellate court's denial of a permissive interlocutory appeal. In essence, the plaintiff believes that both the circuit court and the appellate court must be allowed to exercise a veto over permissive interlocutory appeals, and that our decision to allow the appeal in the instant case, following the appellate court's refusal to grant review, reduces the proper role of the appellate court in the process.

The plaintiff's argument misapprehends the purpose of Rule 308. We do not agree with the plaintiff that our decision to grant review in a case in which the appellate court has denied review is inconsistent with the scope or purpose of Supreme Court Rule 308. It is certainly true, as the plaintiff observes, that the circuit court's refusal to certify a question for permissive interlocutory review under Rule 308 will preclude further review under that provision. (See *Pizzato's Inc. v. City of Berwyn* (1988), 168 Ill. App. 3d 796.) But there is no need to attach the same preclusive effect to a decision of the appellate court denying an application for leave to appeal. As we

have stated, the appellate court's denial of such an application for appeal results in an order of the appellate court that is reviewable by this court under Rule 315. We do not discern in Rule 308 any intent that the appellate court's denial of an application for appeal should forestall further review of the matter by this court. The number of cases reviewed by this court following the appellate court's denial of a Rule 308 application for appeal and the diversity of issues raised in those appeals provide ample evidence of the desirability of further review in such circumstances.

Commentary cited by the plaintiff does not suggest a contrary result. (See 107 Ill. 2d R. 308, Committee Comments, at 415 ("Thus, this type of interlocutory appeal is allowed when both the trial and appellate courts agree that an appeal will expedite the disposition of the litigation, and also that there is a substantial question of law to be decided"); Ill. Ann. Stat., ch. 110A, par. 308, Historical and Practice Notes, at 292 (Smith-Hurd 1985) ("As the rule is designed to apply only in extraordinary situations, and both the trial court and the appellate court must agree that the use of an interlocutory appeal is appropriate, the application required by paragraph (b) cannot be ignored").) It is clear from context that the quoted references to joint circuit and appellate court approval of the appeal pertain to the requirements for appellate court review under the rule, and not to the entirely distinct question whether the failure of the appellate court to grant an application for appeal must preclude subsequent review by this court.

In a final series of arguments pertaining to the appellate procedure followed here, the plaintiff contends that the sole question properly before us is whether the appellate court abused its discretion in denying the defendants' application for leave to appeal under Rule 308. The plaintiff believes that the appellate court did not abuse

its discretion in declining to grant the defendants' application for appeal, and the plaintiff concludes that the appellate court's decision must therefore be affirmed.

We do not accept the plaintiff's view that the only issue before us is the narrow question whether the appellate court abused its discretion in declining to grant the defendants' Rule 308 application for appeal, for we do not agree with the plaintiff that the only order before us for review is that of the appellate court denying the appeal. Indeed, consideration of the many cases that have followed the same procedural path as the instant appeal suggests that we have not previously regarded the scope of our review in those circumstances to be confined to the narrow inquiry now urged by the plaintiff. Our authority to consider the merits of the underlying issues cannot be doubted. Supreme Court Rule 366(a)(5), applicable in all appeals, authorizes the reviewing court to "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." 107 Ill. 2d R. 366(a)(5).

Although we have determined that the scope of our review in the present case is not limited to the question whether the appellate court abused its discretion in declining the defendants' Rule 308 application for leave to appeal, we shall briefly consider the plaintiff's contentions that the appellate court did not err in refusing to hear the appeal. The plaintiff contends that the appellate court's refusal to hear the interlocutory appeal was warranted for several reasons. The plaintiff contends that the trial judge's decision to certify a permissive interlocutory appeal was erroneous because Supreme Court Rule 306, and not Rule 308, is the governing provision. The plaintiff makes the related contention that the defendants failed to file a timely appeal pursuant to Rule 306. Finally, the plaintiff argues that the defendants pre-

sented an inadequate record because they failed to present a transcript of the argument on the issue.

By its terms, Rule 308 is available only when an interlocutory order is "not otherwise appealable." (107 Ill. 2d R. 308(a).) The plaintiff argues that the defendants could not make use of that rule because the circuit court order denying their motions to dismiss was properly appealable under a different provision, Supreme Court Rule 306(a)(1)(iii) (107 Ill. 2d R. 306(a)(1)(iii)). Identification of the applicable procedure is important, the plaintiff insists, because the defendants' appeal was timely under Rule 308 but not under Rule 306.

We do not agree with the plaintiff that the order denying the defendants' dismissal motions was "otherwise appealable" and therefore outside the ambit of Rule 308. Rule 306 permits a party to seek discretionary review in the appellate court of certain specified nonfinal orders, including "an order of the circuit court denying a motion to dismiss on the grounds that the defendant has done nothing which would subject him to the jurisdiction of the Illinois courts" (107 Ill. 2d R. 306(a)(1)(iii)). We agree with the defendants, however, that the provision applies only to motions challenging personal jurisdiction. Accordingly, an appeal under that rule was not available to the defendants, whose dismissal motions contested subject matter jurisdiction. The plaintiff does not argue that the circuit judge's order denying dismissal was appealable under any other provision apart from Rule 308, and we conclude that recourse to Rule 308 was proper.

We must also reject the plaintiff's assertion that the defendants did not present in the appellate court an adequate record for review. The record is sufficiently complete for purposes of review, and it cannot be said that the absence of a transcript of the circuit court arguments on the defendants' dismissal motions is an impediment to review.

II

We now turn to the merits of the present appeal. Article XIII, section 4, of the current State constitution states, "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, §4.) Pursuant to that constitutional grant of authority, the legislature has acted to reinstate sovereign immunity. Section 1 of "An Act in relation to immunity for the State of Illinois" states as follows:

"Except as provided in the 'Illinois Public Labor Relations Act', enacted by the 83rd General Assembly, or except as provided in 'AN ACT to create the Court of Claims, to prescribe its powers and duties, and to repeal AN ACT herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." Ill. Rev. Stat. 1987, ch. 127, par. 801.

The Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, pars. 439.1 through 439.24—9) establishes a court of claims to serve as a forum for actions against the State. Section 8 of the Court of Claims Act provides:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

* * *

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against *** the Board of Regents of the Regency Universities System ***; provided, that an award for damages in a case sounding in tort, other than certain cases involving the operation of a State vehicle described in this paragraph, shall not exceed the sum of $100,000 to or for the benefit of any claimant. *** The defense that *** the Board of Regents of the Regency Universities System *** is not liable for the negligence of its officers, agents, and employees in

the course of their employment is not applicable to the hearing and determination of such claims." Ill. Rev. Stat. 1987, ch. 37, par. 439.8.

The plaintiff does not challenge the legislature's denomination of the Regency Universities System as a State instrumentality for purposes of section 8(d) of the Court of Claims Act. Northern Illinois University is part of that system (see Ill. Rev. Stat. 1987, ch. 144, pars. 301, 802b) and therefore must also be considered a unit of State government. We note that the Regency Universities Act contains a number of provisions contemplating that actions against the Board of Regents will be brought in the Court of Claims. See Ill. Rev. Stat. 1987, ch. 144, pars. 307(b), 308a(3).

Whether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved and the relief sought. (*Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 408; *Hudgens v. Dean* (1979), 75 Ill. 2d 353, 355-56; *Moline Tool Co. v. Department of Revenue* (1951), 410 Ill. 35, 37.) Thus, the prohibition "against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 491.) Sovereign immunity affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority, and in those instances an action may be brought in circuit court. *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 188-89; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 548; *Moline Tool Co.*, 410 Ill. at 37; *Schwing v. Miles* (1937), 367 Ill. 436, 441-42.

These principles were recently applied in *Robb v. Sutton* (1986), 147 Ill. App. 3d 710. In *Robb* the plaintiff brought an action in circuit court for negligent and reckless misrepresentation by the defendant, an assistant dean employed by Southern Illinois University. The plaintiff alleged that the defendant had negligently and recklessly represented that certain off-campus programs had been submitted to the Illinois Board of Higher Education for approval. According to the complaint, the plaintiff accepted a position as program coordinator in reliance on those representations. In fact, the programs had never been submitted for approval, and the plaintiff's position was subsequently terminated. The defendant moved to dismiss the complaint on the grounds that the action was in essence one against the State and that the Court of Claims therefore had exclusive jurisdiction over the matter. The circuit court granted the motion, and the appellate court affirmed. The appellate court concluded that when "there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State, then the cause of action is only nominally against the employee." (147 Ill. App. 3d at 716.) In those circumstances, the action is one against the State and must, therefore, be brought in the Court of Claims. Both counts of the complaint alleged the same conduct, and the appellate court thus rejected the plaintiff's argument that the claim for reckless misrepresentation sounded in fraud and stated a cause of action that fell outside the immunity doctrine. Because the plaintiff's suit in *Robb* came within the suggested guidelines,

the appellate court upheld the order dismissing the complaint.

In the present case, the plaintiff's amended complaint charges the defendants with the negligent performance of their duties as university employees; the plaintiff makes no claim that any of the four defendants acted in violation of law or in excess of their authority. The amended complaint alleges that NIU athletic directors Robert Brigham and Susie Pembroke-Jones "negligently failed to properly supervise or train employees; failed to supervise the training and conditioning techniques of the gymnasts, including Tara Healy[;] negligently hired employees of the Athletic Department; failed to properly supervise the rehabilitation of injured athletes; [and] failed to warn Tara Healy of the dangerous nature of the gymnastic activities she was directed to perform." The plaintiff alleges that NIU gymnastics coach Bobbie Cesarek "owed a duty to properly train, supervise, coach, recommend employees for hire under his supervision, warn, and to control the other employees within the gymnastic's [sic] program, but negligently failed to do so." The plaintiff alleges that NIU athletic trainer Wayne Vaupel "failed to get the necessary medical clearance to allow the Plaintiff to participate in normal gymnastic activity; [and] failed to properly supervise,. train, and care for Tara Healy during her rehabilitation."

In addition to the separate allegations made against each defendant individually, the plaintiff's amended complaint alleges that all four defendants were negligent in "failing to warn Tara Healy of the dangers of her participation of [sic] normal gymnastic activities without first obtaining medical clearance for such activities, and in the process of training, coaching, supervising, contracting for services, hiring and supervising other employees, or providing a reasonably safe condition for participating in gymnastics."

Examination of the plaintiff's amended complaint makes clear that the basis for the present action is the claimed negligence of the defendants in the performance of their duties as employees of Northern Illinois University. Because the plaintiff does not allege that any of the defendants acted outside the scope of their authority or in violation of law, exclusive jurisdiction over the action must lie in the Illinois Court of Claims. See *Oppe v. State of Missouri* (1988), 171 Ill. App. 3d 491; *Lehman v. Stephens* (1986), 148 Ill. App. 3d 538; *Robb v. Sutton* (1986), 147 Ill. App. 3d 710; see also *Christensen v. City of Bloomington* (1986), 147 Ill. App. 3d 702 (discussing sovereign immunity and public official immunity); *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744 (action by university instructor against supervisor not barred by sovereign immunity where suit alleged deliberate, malicious conduct outside scope of employment).

The plaintiff argues, however, that the present action fits within prior appellate court authority allowing certain tort actions against State agents and employees to be brought in the circuit courts. The plaintiff relies on *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, which the circuit judge in the proceedings below cited in support of his decision denying the defendants' motions to dismiss.

In *Madden* the plaintiff filed in circuit court a wrongful death action against, among other parties, the estate of a deceased physician, alleging that the plaintiff's decedent died as a result of the physician's negligent failure to diagnose and treat a certain condition while the plaintiff's decedent was a prison inmate. At the time of the treatment in question the physician was employed by the Illinois Department of Corrections, and the circuit court dismissed the claim against his estate on the ground that the action was barred by the doctrine of sovereign immunity. The appellate court reversed, rejecting the argument of the physician's estate that the claim against it

could be brought only in the Court of Claims. The appellate court stated that the doctor was alleged to have breached duties "which every physician owes his patient, rather than obligations incurred solely by virtue of holding a public office." (*Madden*, 56 Ill. App. 3d at 1001.) The court also believed that the State could not be rendered liable on the claim against the physician's estate because no action had been brought against the State in the Court of Claims; the court noted that the plaintiff's suit sought recovery only from the assets of the physician's estate or from his insurance carrier. (*Madden*, 56 Ill. App. 3d at 1001.) The appellate court therefore concluded that the action against the physician's estate was not one against the State and could be brought in circuit court. The same result was reached in a later case, *Watson v. St. Annes Hospital* (1979), 68 Ill. App. 3d 1048. Like *Madden*, *Watson* involved medical malpractice actions filed in circuit court against physicians and nurses employed by a State instrumentality. We note the existence of an analogous line of cases, in which the appellate court, citing *Madden*, has allowed actions against State employees for the negligent operation of motor vehicles to proceed in circuit court on the theory that the duty of care owed by a driver exists independently of any employment relationship. (See, *e.g.*, *Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 462-63; *Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 183-84.) The plaintiff in the present case asks that we follow *Madden*, and she asserts that the duty of care owed by the defendants was no greater than, and no different from, the duty that would be owed to participants in a privately run gymnastics program.

Madden has been criticized as working an improper severance of the relationship between master and servant (see LeBlang, *Medical Negligence And The Court Of Claims: A Dilemma For The Sovereign's Doctors*, 68

Ill. B.J. 534 (1980)), and the defendants in the present case suggest that the decision should be limited to its facts, if not overruled. Without commenting on the correctness of that decision, we decline to extend *Madden* to the present case. Essential to the court's holding in *Madden* was the view that the duty of care owed by the physician arose independently of his status as an employee of the State; that conclusion may be said to rest on the special nature of the doctor-patient relationship. We do not believe that the same conclusion may be reached here. The relationship between the plaintiff and the defendants would not have had a source outside the employment status of the defendants. Whatever duty was owed by the defendants to the plaintiff existed because of the plaintiff's status as a student and her participation in university-sponsored activities. For those reasons, we decline the plaintiff's invitation to extend the appellate court's holding in *Madden* to the present case.

The plaintiff raises several additional points in support of her argument that the circuit court has jurisdiction over the present action. The plaintiff contends that provisions of the Court of Claims Act and of "An Act to provide for representation and indemnification in certain civil law suits" (Representation and Indemnification Act) (Ill. Rev. Stat. 1987, ch. 127, pars. 1301 through 1304 (current provisions at Ill. Rev. Stat., 1988 Supp., ch. 127, pars. 1301 through 1303)) suggest that actions against individual agents and employees of the State may be brought in circuit court. The plaintiff also argues that a contrary result would threaten the constitutionality of both the Court of Claims Act and the Representation and Indemnification Act.

The plaintiff contends that certain provisions of the Court of Claims Act and the Representation and Indemnification Act indicate that actions for negligence against

individual agents and employees of the State need not be brought in the Court of Claims but may be brought instead in circuit court. The plaintiff first notes the requirement of section 25 of the Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, par. 439.24—5) that a claimant exhaust all available administrative and judicial remedies before seeking final determination of a matter in the Court of Claims. Section 25 provides:

> "Any person who files a claim in the court shall, before seeking final determination of his or her claim exhaust all other remedies and sources of recovery whether administrative or judicial; except that failure to file or pursue actions against State employees, acting within the scope of their employment, shall not be a defense."

The plaintiff believes that the language of section 25 suggests that actions against State agents and employees may be brought in circuit court, and the plaintiff notes that the statute does not expressly require that such actions be brought in the Court of Claims.

The plaintiff's reliance on the exhaustion requirement of section 25 is misplaced. The provision simply expresses the requirement, as a condition for recovery under the Court of Claims Act, that otherwise available remedies be exhausted first; the provision should not be construed to mean that there will always be an alternative remedy. We do not view the provision as substantively modifying the jurisdictional limits defined elsewhere in the Court of Claims Act. Moreover, the proviso in section 25 that a claimant's failure to file or pursue actions against individual employees is not a defense suggests, contrary to the plaintiff's view, that such matters properly belong in the Court of Claims. As we have seen, the determination whether an action is one against the State, and therefore one that must be brought in the Court of Claims, does not depend on the formal identification of the parties. A plaintiff may not avoid the scope

of the Court of Claims Act by the simple expedient of suing only individual defendants.

As additional support for the argument that actions against individual agents and employees of the State may be brought in circuit court, the plaintiff refers to the statutory provisions concerning the representation and indemnification of State employees. The Representation and Indemnification Act authorizes the Attorney General to represent State employees in "any civil proceeding" arising from "any act or omission occurring within the scope of the employee's State employment." (Ill. Rev. Stat., 1988 Supp., ch. 127, par. 1302(a).) Moreover, both the costs of the defense and, unless otherwise prohibited by the Act, the amount of any judgment or settlement are to be paid from State funds. (Ill. Rev. Stat., 1988 Supp., ch. 127, pars. 1302(e)(i), (e)(ii).) Indemnification is also allowed when the Attorney General "declines to appear or withdraws on the grounds that the act or omission was not within the scope of employment, or was intentional, wilful or wanton misconduct, and a court or jury finds that the act or omission of the State employee was within the scope of employment and was not intentional, wilful or wanton misconduct." (Ill. Rev. Stat., 1988 Supp., ch. 127, par. 1302(b).) The plaintiff asserts that the provisions of the Representation and Indemnification Act recognize a difference between suits brought against the State and suits brought against individual employees and reflect an understanding that in certain instances claims may properly be brought in circuit court against employees of the State.

The plaintiff's argument suggests, in essence, that the Representation and Indemnification Act contracts the jurisdiction of the Court of Claims and operates as a limited waiver of the State's sovereign immunity. Such an interpretation conflicts, however, with section 2(f) of the Act, which provides, "Nothing contained or implied

in this Section shall operate, or be construed or applied, to deprive the State, or any employee thereof, of any defense heretofore available." (Ill. Rev. Stat., 1988 Supp., ch. 127, par. 1302(f).) Accordingly, the Act cannot be viewed as substantively modifying the jurisdiction of the Court of Claims.

The plaintiff also argues that a decision denying the circuit court subject matter jurisdiction over the present action would render unconstitutional both the Court of Claims Act and the Representation and Indemnification Act. The plaintiff observes that the present State constitution abolishes sovereign immunity (Ill. Const. 1970, art. XIII, §4) and grants the circuit courts jurisdiction over all justiciable matters (Ill. Const. 1970, art. VI, §9). The plaintiff believes that if the Court of Claims is permitted to oust the circuit courts of jurisdiction over suits against State agents and employees, then the Court of Claims Act must be an invalid infringement on the constitutional grant of jurisdiction to the circuit courts.

The plaintiff's argument misapprehends the relationship among the relevant constitutional and statutory provisions. Article XIII, section 4, of the Illinois Constitution abolishes sovereign immunity "[e]xcept as the General Assembly may provide by law." Pursuant to that express grant of authority, the legislature has established the Court of Claims, to serve as the forum for hearing and determining claims against the State. We discern no conflict between the two constitutional provisions and the Court of Claims Act.

The plaintiff also insists that a ruling in favor of the defendants in the present case would render the Representation and Indemnification Act unconstitutional. The plaintiff notes that the Act requires the Attorney General to decide whether or not to represent a State agent or employee who is named as a defendant in a civil action. The plaintiff believes that the Attorney General's

decision whether to represent the defendant will determine whether the doctrine of sovereign immunity is applicable in the case, and therefore will dictate in which forum—the circuit court or the Court of Claims—the case may properly be brought. The plaintiff concludes that the Attorney General is thus exercising a judicial power, in violation of the separation of powers clause of the State constitution (Ill. Const. 1970, art. II, §1).

We do not agree with the plaintiff's interpretation of the Representation and Indemnification Act. The purpose of that statute is not to determine whether the doctrine of sovereign immunity is applicable in a particular case, but rather to provide a means by which the Attorney General may decide whether to represent a party. As we have previously noted, section 2(g) of the Act provides, "Nothing contained or implied in this Section shall operate, or be construed or applied, to deprive the state or any employee thereof, of any defense heretofore available." Consistent with that provision, we do not believe that the Attorney General's decision whether to represent a defendant in an action can be said to determine the proper forum for the claim.

### III

Finally, the plaintiff asks that the cause be remanded to the circuit court so that she may further amend her pleadings in the event that we determine that the circuit court does not have subject matter jurisdiction over the amended complaint. We remand the action to the circuit court of De Kalb County for dismissal of the plaintiff's amended complaint. On remand, the circuit court may then decide whether the dismissal is to be with or without prejudice.

*Certified question answered;*
*cause remanded.*