NOTICE

Decision filed 01/14/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 210127-U

NO. 5-21-0127

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| BRUCE WILCOXEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 20-MR-38 |
| | ) | |
| ROB JEFFREYS, in His Official Capacity as Acting | ) | |
| Director of the Illinois Department of Corrections, | ) | Honorable |
| | ) | Evan L. Owens, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Wharton and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Because the trial judge erred in concluding that the petitioner could avoid the sovereign immunity doctrine in this case, we reverse the trial judge's orders and remand with instructions that the trial judge dismiss the petition filed by the petitioner.

¶ 2    The respondent, Rob Jeffreys, who is the acting director of the Illinois Department of Corrections, appeals the orders of the circuit court of Jefferson County that found in favor of the petitioner, Bruce Wilcoxen. For the following reasons, we reverse the trial judge's orders and remand with instructions that the trial judge dismiss the petition.

1

¶ 3                                I. BACKGROUND

¶ 4     We present only the facts necessary to our disposition of this appeal, which are as follows. On February 13, 2020, the petitioner filed, *pro se*, a document he styled as a "petition for legal fees and costs" (petition), wherein he alleged that because he was adjudicated a sexually dangerous person in 1982 and the respondent thereafter became his guardian, the respondent was responsible for "ALL expenses" incurred by the petitioner. In his petition, he named the respondent as "Rob Jeffreys, Director of Illinois [Department] of Corrections." He thereafter alleged that "[h]is necessary expenses, including IDs, keys to cells, medical co-pays, photocopies for legal claims[,] and court cost are the responsibility of [the respondent]." He further alleged that the respondent had "removed" funds from the petitioner's account to pay "necessary expenses," resulting in "undue hardship" to the petitioner. He requested an order from the court that required the respondent "to reimburse him for the cost and fees removed from his financial account for necessary expenses," and that precluded future deductions for necessary expenses. Documents filed by the petitioner with the petition requested reimbursement in varying amounts, ranging from approximately $585 to approximately $676.

¶ 5     On May 14, 2020, the respondent filed a motion to dismiss the petition, contending that (1) the petitioner "failed to sufficiently plead what legal cause of action he is proceeding under," (2) the petition was "barred by sovereign immunity," and (3) the petitioner failed "to allege facts sufficient to establish that he exhausted all available administrative remedies prior to bringing suit" in the circuit court. On June 15, 2020, the petitioner filed a response to the motion to dismiss, in which he alleged, *inter alia*, that (1) sovereign immunity did not bar his claim, because the claim was not against the State, but only against Jeffreys individually, (2) "[i]n March 2019," the petitioner "was advised that he could file a petition/motion for reimbursement for legal fees and other costs," (3) he did not know he was required to exhaust his administrative remedies prior to

2

filing a petition, and (4) even if he had known, "he would have been barred from filing 30 days prior to his filing" of his petition.

¶ 6 On September 14, 2020, by docket entry, the trial judge denied the respondent's motion to dismiss. The trial judge's docket entry stated, with regard to sovereign immunity, that the petitioner's "claims are not barred by sovereign immunity (he sued the individual not the entity)." The trial judge's docket entry stated, with regard to the respondent's contention that the petitioner failed to exhaust all available administrative remedies prior to filing suit, that although "no grievance is alleged to have been filed" by the petitioner, the petitioner's response to the motion to dismiss "that he was informed to file this action for reimbursement and that he would have already been time barred from filing a grievance once he received a response to his FOIA request are sufficient to place the matter at issue before the court." The entry added that "[t]he law favors hearing matters on the merits," and that

> "[i]f, as alleged by the [petitioner], this is an expense that is the statutory obligation of the guardian, it would be overly draconian to bar reimbursement based on failure to exhaust when the [petitioner] alleges that the [respondent] contributed to the lack of grievance being filed by not providing records in a timely manner or the [respondent] waived the administrative process by informing the [petitioner] to file this action; Accordingly, the court believes that this is also a fact issues [*sic*] that should be determined after hearing or examining evidence."

¶ 7 The docket entry then set a status hearing for October 5, 2020, via Zoom. Following that status hearing, the trial judge, again by docket entry, stated that the parties appeared, and that the respondent was "given 30 days to file a responsive pleading." There is no indication that the trial judge took testimony or examined evidence at the status hearing, as he had noted would be

3

necessary for him to make a determination as to whether the petitioner had exhausted all of his available administrative remedies prior to filing suit.

¶ 8    On November 4, 2020, the respondent filed a motion for additional time to file his responsive pleading, because a new attorney was taking over the case and needed time to become acquainted with it, which was granted. On December 3, 2020, the respondent's new attorney filed a response in opposition to the petition, which was followed on December 17, 2020, by a response from the petitioner. The respondent's December 3, 2020, pleading did not raise again the issue of the petitioner's failure to exhaust his administrative remedies.

¶ 9    Also on December 17, 2020, the trial judge entered a docket entry in which he stated, *inter alia*, that "[t]he State is not a defendant in this matter," and that accordingly the doctrine of sovereign immunity did not bar the petitioner's claims. The trial judge added that he believed existing precedent from this court meant "that legal expenses of a ward are necessary and that the guardian should be responsible for all essential expenses." The entry further stated that "[i]t is clear from the [petitioner's] pleading that some of the amounts taken from the ward's trust account were for legal expense (cost of copies) and the [petitioner] alleges that all the amounts were necessary expenses and were the responsibility of the [g]uardian." The trial judge's entry then noted that the respondent, "in a footnote to his response in opposition, states that the statute has now been amended to make the county responsible for payment of a ward's legal expenses." The entry then stated that "[i]f the [respondent] wishes to request reimbursement for these expenses from the county, then that issue is between the guardian and the county." The entry thereafter stated that "it appears that the guardian simply unilaterally withdrew amounts from the ward's trust account for the ward's necessary expenses," which the trial judge deemed to be "contrary to the guardian's obligations under statute" and existing caselaw. The trial judge's entry ordered the respondent "to return the amounts to the ward's account."

4

¶ 10     The respondent thereafter filed a motion to reconsider, which was denied. The respondent also filed a motion to clarify, noting the lack of specificity in the trial judge's order with regard to the amount of reimbursement that was required. On April 19, 2021, the trial judge entered a new docket entry in which he ordered "the [S]tate to pay $606 in reimbursements for [the petitioner's] legal expenses." This timely appeal followed. Additional facts will be presented as necessary throughout the remainder of this order.

¶ 11                                    II. ANALYSIS

¶ 12     To avoid the application of the sovereign immunity doctrine, and the respondent's concomitant contention that this action belongs, if anywhere, in the Illinois Court of Claims, the petitioner has repeatedly contended that this action is being brought against the respondent in his personal, rather than official, capacity. The trial judge accepted this contention, stating in his September 14, 2020, docket entry that denied the respondent's motion to dismiss that the petitioner's "claims are not barred by sovereign immunity (he sued the individual not the entity)," and in his December 17, 2020, docket entry that "[t]he State is not a defendant in this matter," and that accordingly the doctrine of sovereign immunity did not bar the petitioner's claims. However, it is well established that "[t]he determination of whether an action is one against the State does not depend 'on the formal identification of the parties but rather on the issues involved and the relief sought.' " *Carmody v. Thompson*, 2012 IL App (4th) 120202, ¶ 21 (quoting *Healy v. Vaupel*, 133 Ill. 2d 295, 308 (1990)). Accordingly, a petitioner cannot avoid sovereign immunity by naming servants or agents of the State in their personal capacities, if in fact the action is against the State, and when the State is the party that is in fact vitally interested. *Id.* "However, when the suit sufficiently alleges the State's agent acted in violation of statutory or constitutional law or in excess of his or her authority, the action is not against the State and may be brought in the trial court." *Id*. That said, " '[a]n action brought nominally against a State employee in his individual capacity will

be found to be a claim against the State where a judgment for the [party bringing the action] could operate to control the actions of the State or subject it to liability.' " *Id*. (quoting *Currie v. Lao*, 148 Ill. 2d 151, 158 (1992)).

¶ 13    As the *Carmody* court noted, the Illinois Supreme Court "has adopted a three-factor test to determine whether an action against a state employee is actually an action against the State." *Id*. ¶ 22. Pursuant to that test, an action styled against a state employee is in reality a suit against the State when the following factors are present: (1) there are no allegations that an agent or employee of the State acted beyond the scope of that individual's authority through wrongful acts, (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of state employment, and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State. *Id*.

¶ 14    In this case, it is clear from the petition that: (1) there are no allegations that Jeffreys acted beyond the scope of his authority through wrongful acts, (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of Jeffreys' state employment, and (3) the complained-of actions involve matters ordinarily within Jeffreys' normal and official functions of the State. Indeed, the petition specifically noted that it asked Jeffreys to be required to act *because of* Jeffreys' role as the petitioner's guardian, and *because of* the legal responsibilities Jeffreys allegedly incurred with regard to the petitioner in that role. Accordingly, the petitioner's contention that he can avoid the doctrine of sovereign immunity in this case by naming Jeffreys individually, rather than the State, as the respondent, is patently nonsensical, and the trial judge erred in allowing the petition to survive the respondent's motion to dismiss, and in ultimately entering judgment in favor of the petitioner.

¶ 15    Also problematic is the fact that although the trial judge recognized, in his September 14, 2020, docket entry, that factual issues existed, and that additional evidence was required before

6

the trial judge could adequately assess whether the petitioner had demonstrated that he met the requirements to satisfy the exhaustion of administrative remedies doctrine, there is nothing in the record on appeal that shows that the trial judge ever took testimony or other additional evidence with regard to this issue, or ever rendered factual and legal determinations in light of that testimony and/or additional evidence. "In general, a party's failure to exhaust administrative remedies is a straightforward basis for disposing of that party's complaint by way of a motion to dismiss ***." *People v. Conley*, 2020 IL App (2d) 180953, ¶ 11. Likewise, "although sexually dangerous persons have been civilly committed rather than criminally imprisoned," it is nevertheless true that such persons are offenders "committed to the [Director of the Illinois Department of Corrections'] custody" who accordingly are "subject to the grievance procedures outlined in subpart F of part 504 of Title 20 of the [Illinois Administrative] Code (20 Ill. Adm. Code 504.Subpart F)." *Id*. Thus, the failure of such a person "to exhaust his administrative remedies—or to plead exhaustion or assert some exception to the exhaustion requirement—provides a sound basis for the dismissal of his complaint." *Id.* This is true in part because "principles of judicial restraint and separation of powers counsel deference to prison grievance procedures and the decisions of prison administrators." *Id.* ¶ 12. Because "[t]he treatment of sexually dangerous persons is a serious and sensitive undertaking," our General Assembly has "provided the Director [of the Department of Corrections] with 'substantial discretion in determining the appropriate care and treatment to be given to a sexually dangerous person.' " *Id*. ¶ 13 (quoting *People v. McDougle*, 303 Ill. App. 3d 509, 516 (1999)). As a result, " 'judicial interference must be withheld until the administrative process has run its course.' " *Id*. (quoting *Beahringer v. Page*, 204 Ill. 2d 363, 375 (2003)). As the foregoing demonstrates, it is not appropriate for a trial judge to jump to the merits of a claim without first making certain that the exhaustion of remedies doctrine has been satisfied. In this

case, it is not at all clear from the record on appeal that sufficient grounds existed for a finding that the exhaustion of remedies doctrine was satisfied.

¶ 16    Finally, we note that although the trial judge found (incorrectly, as we have established) that this action was brought against the respondent in his personal capacity, nevertheless in his April 19, 2021, final order, the trial judge inexplicably ordered "the [S]tate" (which, under the trial judge's logic as evidenced by the plain language of his December 17, 2020, docket entry order, was not even a party to this action) to "pay $606 in reimbursements for [the petitioner's] legal expenses." This too was error.

¶ 17                                III. CONCLUSION

¶ 18    For the foregoing reasons, we reverse the trial judge's orders and remand with instructions that the trial judge dismiss the petition.


¶ 19    Reversed and remanded with instructions.