2020 IL App (2d) 190515-U
No. 2-19-0515
Order filed October 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 79-CF-1433 |
| DAVID P. HOFFMAN, | ) ) | Honorable Sharon L. Prather, |
| Defendant-Appellant. | ) ) | Judge, Presiding. |
| (Rob Jeffreys, Director, Department of Corrections, Intervenor-Appellee.) | ) ) ) | |

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Birkett and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*: *Pro se* notice of appeal filed by represented defendant vested appellate court with jurisdiction to review dismissal of defendant's petition to review treatment provided during his commitment as a sexually dangerous person; the court properly dismissed the petition because defendant alleged insufficient facts that his treatment was inadequate and that he had exhausted his administrative remedies before seeking relief in the trial court.

¶ 2   In July 1980, defendant, David P. Hoffman, was adjudicated a sexually dangerous person

(SDP) under the Sexually Dangerous Persons Act (Act) (Ill. Rev. Stat. 1977, ch. 38 ¶ 105-1.01

*et seq.* (now 725 ILCS 205/1.01 *et seq.* (West 2018))) and civilly committed to the Department of Corrections (DOC) under the guardianship of its Director[1]. On July 26, 2018, defendant filed an amended petition seeking judicial review of his care and treatment. The Director filed a motion to dismiss under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)). The trial court granted the motion and defendant appealed. We affirm in part and vacate in part.

¶ 3                                  I. BACKGROUND

¶ 4      In 1979, defendant was charged with three counts of a Class 1 felony sex offense. In lieu of criminal prosecution, the State petitioned to have defendant declared an SDP under the Act. (725 ILCS 205/1.01 *et seq.* (West 2018)). The next year, defendant pleaded guilty to one of the charges, admitted to the allegations in the petition, and was civilly committed to the custody of the DOC under the guardianship of the Director (see *id.* § 8).

¶ 5      On July 26, 2018, defendant, through appointed counsel, filed an "Amended Petition for Judicial Review of the Adequacy of the Care and Treatment Provided by [DOC] to Petitioner" (the Amended Petition). The Amended Petition consisted of three pages and incorporated by reference previous petitions filed on August 21, 2014, and July 31, 2015. Defendant asked the trial court "to review the treatment afforded him by the [DOC] to insure [*sic*] that this treatment is designed to effectuate his recovery." The August 21, 2014, petition, entitled, "Petition for Judicial Review of the Adequacy of the Care and Treatment Provided by the [DOC]to Petitioner" (August 2014 Petition), consisted of three pages and four attachments. The July 31, 2015, petition, entitled,

_____

[1] At Director Rob Jeffrey's request, he has been substituted as a party for his predecessor in office, John Baldwin. See 735 ILCS 5/2-1008(d) (West 2018).

"Petition for examination by psychiatrist of the adequacy of care and treatment designed to effect recovery of defendant-petitioner Daniel [*sic*] Hoffman while incarcerated by the [DOC]" (July 2015 Petition), consisted of three pages with no attachments.

¶ 6     On September 27, 2018, the Director (who had previously been granted leave to intervene), filed a motion to dismiss the Amended Petition pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2018)). The Director argued, *inter alia*, that defendant failed to allege any facts showing deficiencies in his treatment or impediment to his recovery or any facts showing that he had exhausted his administrative remedies.

¶ 7     Defendant filed a response. With respect to the absence of facts showing deficiencies in treatment, defendant asked the trial court to "remember the fact that he has been incarcerated since 1980" and that "[a] reasonable inference drawn from the fact that [he] has been incarcerated for over thirty-eight years as a result of being charged with a Class 1 felony is that there are deficiencies in his treatment and impediments to his recovery inherent in the minimal treatment [he] has received to date." With respect to the exhaustion of administrative remedies, defendant asserted that "[t]he reality is that [defendant] has grieved his treatment numerous times during his time at Big Muddy. Attached as exhibit #1 is just the latest grievance [defendant] filed this past summer." According to the attached "Grievance Officer's Report," defendant had requested "8 hours of therapy weekly tailored to his Mental disorder." The request was denied, because "according to [DOC] guidelines the SDP/SOP staff have full authority of any and all treatment the SDP/SOP offenders receive." The denial was affirmed by DOC.

¶ 8     On April 25, 2019, in a written order, the trial court granted the Director's motion and dismissed the Amended Petition, finding that defendant failed to allege facts demonstrating that

the care and treatment provided by DOC was inadequate or not designed to effect recovery and also failed to allege facts demonstrating that he had exhausted his administrative remedies.

¶ 9     On April 26, 2019, defendant filed a *pro se* notice of appeal.

¶ 10    On June 11, 2019, defendant, through appointed counsel, filed a motion to reconsider, simply asserting that he did allege sufficient facts.

¶ 11    On June 13, 2019, without a written response from the Director, the trial court denied the motion. On that same day, defendant's counsel filed a notice of appeal from the April 25, 2019, order granting the Director's motion to dismiss and from the June 13, 2019, order denying defendant's motion to reconsider.

¶ 12                              II. ANALYSIS

¶ 13    Defendant contends that the trial court erred in dismissing his Amended Petition. Defendant argues that there "were sufficient facts alleged in the Defendant's petition, as well as facts that were present in the record, to deny the State's motion." In addition, defendant argues that he was not required to exhaust his administrative remedies prior to filing the Amended Petition. The Director responds first that we are without jurisdiction to hear the appeal. Alternatively, he argues that the court properly dismissed the Amended Petition.[2]

---

[2] The Director also maintains that defendant's Amended Petition should have been construed by the trial court as a "motion" in his ongoing commitment proceeding rather than as a pleading that initiated a new action. In support, he cites *People v. Kastman*, 2015 IL App (2d) 141245, ¶ 20, where we held that "the proper method of obtaining judicial review [is] to file a motion in the commitment proceedings' in the committing court." (Internal quotation marks omitted.) According to the Director, the question for the trial court in deciding the defendant's

¶ 14    We first address our jurisdiction. According to the Director, we lack jurisdiction because (1) defendant's *pro se* notice of appeal was a nullity and (2) counsel's notice of appeal was untimely. We note that defendant's opening brief fails to identify the basis for our jurisdiction as required by Illinois Supreme Court Rule 341(h)(4) (eff. May 25, 2018). We admonish defense counsel for failing to comply with our rules. In addition, we note that defense counsel did not respond to the Director's argument concerning our jurisdiction. In any event, defense counsel's notice of appeal, filed on June 13, 2019, the same day that the trial court denied his motion to

_____

*motion* should be whether to enter an injunction in aide of its commitment. The Director further maintains that our standard of review of that decision would then be an abuse of discretion. See *Tranchita v. Department of Natural Resources*, 2020 IL App (1st) 191251, ¶ 12 ("The trial court's grant or denial of an injunction is generally reviewed for an abuse of discretion.").

However, the Director made no such argument below. Instead, the Director treated defendant's filing as a pleading and responded to it with a "Section 2-619.1 Motion to Dismiss the Amended Petition," which the trial court granted. Because the Director invited and acquiesced in the treatment of the defendant's filing as a petition, we decline to consider the Director's argument that it should have instead been treated as a motion. See *Gaffney v. Board of Trustees of Orland Fire Protection District*, 2012 IL 110012, ¶ 33 (the rule of invited error or acquiescence is a form of procedural default, which prohibits a party from requesting to proceed in one manner and then contending on appeal that the procedure was error). We also note that, more recently, in *People v. Conley*, 2020 Il App (2d) 180953, the defendant followed the same procedure followed herein, as did the Director. In any event, the Director maintains that whether we treat the Amended Petition as a petition or a motion, the result is the same.

reconsider, indicates that he seeks to appeal from the trial court's April 25, 2019, grant of the Director's motion to dismiss and from the court's subsequent denial of his motion for reconsideration. Although we agree with the Director that the June 13, 2019, notice of appeal filed by counsel was untimely, we disagree with the Director's argument that the timely filed *pro se* notice of appeal was a nullity.

¶ 15     The Director argues that defendant's *pro se* notice of appeal was a nullity because defendant filed it while he was represented by counsel and thus it did not confer jurisdiction on this court. He cites *People v. Stevenson*, 2011 IL App (1st) 093413, ¶¶ 30-32, for the proposition that a defendant represented by counsel generally has no authority to file *pro se* motions. Although a correct proposition, it does not apply here. First, defendant did not file a motion; defendant filed a notice of appeal. Moreover, proceedings under the Act are civil in nature (725 ILCS 205/3.01 (West 2018); *People v. Lawton*, 212 Ill. 2d 285, 297 (2004)) and the rules governing civil appeals are applicable (*People v. Kennedy*, 43 Ill. 2d 200, 203 (1969)). Under Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017), "[t]he notice of appeal may be filed by *any party* or by any attorney representing the party appealing." (Emphasis added.) Therefore, the *pro se* notice of appeal was not a nullity and we have jurisdiction based thereon.

¶ 16     To be sure, the Director is correct that counsel's motion to reconsider and subsequent notice of appeal was untimely. A motion to reconsider filed under section 2-1203(a) of the Code (735 ILCS 5/2-1203(a) (West 2018)) must be filed within 30 days of judgment. Here, counsel filed the motion to reconsider on June 11, 2019, more than 30 days after the trial court's April 25, 2019, dismissal of the petition. Because an untimely motion to reconsider does not toll the time for filing a notice of appeal, counsel's subsequent notice of appeal was also untimely. See *Lampe v. Pawlarczyk*, 314 Ill. App. 3d 455, 469 (2000). However, that does not impact our jurisdiction,

because, as noted, we have jurisdiction based on defendant's timely filed *pro se* notice of appeal. We note, though, that once defendant filed the notice of appeal, the trial court was without jurisdiction to rule on defendant's subsequent motion to reconsider. See *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20 ("[T]he trial court loses jurisdiction after 30 days from the time the final judgment is entered when either (1) a posttrial motion directed against the judgment is not filed, (2) 30 days pass from the time the trial court disposes of a timely filed posttrial motion, or (3) a notice of appeal is timely filed."). As a result, its ruling on defense counsel's subsequent motion to reconsider was void. See *People v. Stevenson*, 2011 IL App (1st) 093413, ¶ 43 ("[A]fter a notice of appeal is filed with a reviewing court, appellate jurisdiction attaches *instanter*; the lower court loses jurisdiction and any actions taken by it when it has no jurisdiction are null and void.") Accordingly, we vacate the court's June 13, 2019, order denying defendant's motion to reconsider.

¶ 17　　We turn now to the propriety of the trial court's ruling on the Director's motion to dismiss, which was filed pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2018)). A motion under section 2-619.1 permits a party to "combine a section 2-615 motion to dismiss based upon a plaintiff's substantially insufficient pleadings with a section 2-619 motion to dismiss based upon certain defects or defenses." *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003). "A motion to dismiss under section 2-615 accepts the well-pled factual basis for a complaint but denies that it stated a legally sufficient claim. [Citation.] Conversely, a section 2-619 motion admits the legal sufficiency of the complaint but raises defenses that defeat the claim. [Citation.]" *People v. Conley*, 2020 IL App (2d) 180953, ¶ 8. On appeal, the trial court's dismissal of a complaint under section 2-619.1 is reviewed *de novo*. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (2009).

¶ 18    Here, the Director made two arguments for dismissal under section 2-615 of the Code (725 ILCS 5/2-615 (West 2018)): (1) that defendant failed to allege facts showing deficiencies in his treatment or impediments to his recovery; and (2) that defendant failed to allege facts demonstrating that he exhausted his administrative remedies. (The Director also made two arguments for dismissal under section 2-619 of the Code (*id.* § 2-619)—that defendant lacked standing and that the amended petition was barred by sovereign immunity—however, they are not at issue in this appeal.)

¶ 19    Under section 8 of the Act, "[t]he Director of Corrections as guardian shall keep safely the person so committed until the person has recovered and is released as hereinafter provided. The Director of Corrections as guardian shall provide care and treatment for the person committed to him designed to effect recovery." 725 ILCS 205/8 (West 2018). Pursuant to section 8, an SDP may " 'seek judicial review of the adequacy of the care and treatment being provided to [him] by the DOC.' " *People v. Conley*, 2020 IL App (2d) 180953, ¶ 4 (quoting *People v. McDougle*, 303 Ill. App. 3d 509, 517 (1999)); see also *People v. Kastman*, 2015 IL App (2d) 141245, ¶ 3 (recognizing that it is implicit in the Act that an SDP may seek judicial review of the adequacy of the care and treatment being provided to him by the DOC). An SDP seeking review of his treatment must allege facts supporting his assertion that the DOC has failed to provide adequate treatment to effect his recovery. See *Kastman*, 2015 IL App (2d) 141245, ¶ 15; *Conley*, 2020 IL App (2d) 180953, ¶¶ 9, 10. He must also allege facts showing that he has exhausted his administrative remedies or assert some exception to the exhaustion requirement. *Conley*, 2020 IL App (2d) 180953, ¶ 11.

¶ 20    A review of the Amended Petition makes clear that the trial court correctly determined that the Amended Petition failed to state sufficient facts that DOC neglected to provide defendant adequate treatment toward his recovery. Defendant failed to allege any facts regarding his mental

disorders, his current treatment, or how that treatment was inadequate. For instance, in *Conley*, we found that the defendant arguably stated a claim under the Act, where the petition alleged that three of the defendant's treatment providers had recommended substance abuse treatment, finding that it was vital to the defendant's progress and recovery, but that the Director had failed to provide it. *Conley*, 2020 IL App (2d) 180953, ¶¶ 9-10. Here, defendant simply requested the court to "review the treatment afforded to him by [DOC] to insure [*sic*] that this treatment is designed to effectuate his recovery." To the extent that the Amended Petition incorporated by reference the August 2014 Petition and the July 2015 Petition, these prior petitions lent no support because they too were devoid of any factual content regarding defendant's treatment.

¶ 21    Defendant argues that there "were sufficient facts alleged in the Defendant's petition, as well as facts that were present in the record, to deny the State's motion." First, we note that when reviewing a dismissal under section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)), the question is "whether the allegations *in the complaint*, when construed in the light most favorable to the plaintiff, were sufficient to establish a cause of action upon which relief may be granted." (Emphasis added.) *Conley*, 2020 IL App (2d) 180953, ¶ 9. Thus, contrary to defendant's assertion, we need not look to the matters outside of the pleading. In any event, defendant fails to tell us (in either his page-and-a-half statement of facts or his one-paragraph argument on the issue) exactly what those facts are. Instead, he states only generally that the "underlying record in this matter is extensive" and that "[t]he facts and circumstances regarding the Defendant's confinement as well as the conditions of his treatment and care, are an integral part of the record in this case." In his one-paragraph argument, he provides a record cite to only a "hand-written addendum," which was not incorporated into his petition, and to a grievance filed with the DOC, which he attached to his response to the Director's motion to dismiss, wherein he simply stated that he "[w]ants 8 hours of

therapy a week tailored to his Mental Disorder." Indeed, defendant's brief suffers from the same deficiencies as his complaint—it is completely devoid of factual support.

¶ 22     Illinois Supreme Court Rule 341(h)(7) (eff. May 15, 2018) requires a clear statement of contentions with supporting citation of authorities and pages of the record relied on. *De novo* review refers to the level of deference given to the trial court. *Erlenbush v. Largent*, 353 Ill. App. 3d 949, 952 (2004). *De novo* review does not allow an appellant to present us with a legal issue that we must resolve on our own; the appellant still bears the burden of persuasion on appeal to explain, with citation to authority and the record, why the court's order was erroneous. *Yamnitz v. William J. Diestelhorst Co.*, 251 Ill. App. 3d 244, 250 (1993) Issues that are insufficiently presented may be forfeited. *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010). Defendant has not identified any factual support for his statement that he was receiving inadequate treatment and thus has presented no grounds for reversing the trial court.

¶ 23     Defendant also argues that the trial court erred in finding that he failed to plead facts sufficient to establish that he had exhausted his administrative remedies. Recently, in *Conley*, this court found that SDPs seeking judicial review of their treatment under section 8 of the Act are subject to the grievance procedures outlined in subpart F of section 504 of the Illinois Administrative Code (20 Ill. Adm. Code 504.Subpart F) and, therefore, must exhaust their administrative remedies. *Conley*, 2020 IL App (2d) 180953, ¶ 11. Thus, we held that an SDP's "failure to exhaust his administrative remedies—or to plead exhaustion or assert some exception to the exhaustion requirement—provides a sound basis for dismissal of his complaint." *Id.*

¶ 24     Defendant contends that the exhaustion requirement is not absolute. He asserts that he was not required to exhaust his administrative remedies, because doing so would have been futile. See *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304 (1989) (recognizing several

exceptions to the exhaustion requirement, including where it is patently futile to seek relief before the agency). We agree with the Director that defendant has forfeited this argument by failing to raise it below. See *Illinois Health Maintenance Organization Guaranty Ass'n v. Shapo*, 357 Ill. App. 3d 122, (2005) (finding that the plaintiff forfeited its argument that an exception to the exhaustion requirement applied, where the plaintiff failed to raise the issue in its response to the defendant's motion to dismiss, instead raising it for the first time in its motion for reconsideration).

¶ 25    Forfeiture aside, defendant's argument fails. In support of his argument, defendant cites to a "Grievance Officer's Report," which he attached to his response to the Director's motion to dismiss. The report indicates that defendant requested "8 hours of therapy weekly tailored to his Mental disorder." The request was denied, because "according to [DOC] guidelines the SDP/SOP staff have full authority of any and all treatment the SDP/SOP offenders receive." The denial was affirmed by DOC. According to defendant, based on DOC's treatment of his request for eight hours of weekly therapy, "it would be the definition of futility for the Defendant to continue grieving his concerns with his treatment and care, as the Department clearly believes it has full authority over decisions regarding the Defendant's care and treatment." However, " 'the fact that there are clear indications that the agency may or will rule adversely is generally inadequate to terminate the administrative process or to avoid the exhaustion requirement.' " *Beahringer v. Page*, 204 Ill. 2d 363, 378 (2003) (quoting *Castaneda*, 132 Ill. 2d at 328). Moreover, as the Director notes, because the Amended Petition provided no factual assertions about the alleged inadequacy of his treatment, there is no basis for finding that this grievance was about the same issues underlying the Amended Petition. In any event, a review of the Amended Petition makes clear that defendant failed to allege that he exhausted administrative remedies or why the exhaustion

requirement should not apply. Thus, it was properly dismissed on this basis. See *Conley*, 2020 IL App (2d) 180953, ¶ 11.

¶ 26    Based on the foregoing, we hold that the Amended Petition was properly dismissed, because defendant failed to allege facts demonstrating that the care and treatment provided by DOC was inadequate or not designed to effect recovery and failed to allege facts demonstrating that he had exhausted his administrative remedies or why the exhaustion requirement did not apply.

¶ 27    Last, defendant argues that if we find that the trial court properly dismissed the Amended Petition, we should remand the matter to the court with an order to allow defendant to file an amended petition. Defendant acknowledges that he did not seek leave to amend in the trial court. "[T]he general rule is that if a party appeals the dismissal of his complaint without presenting an amended complaint to the trial court, he waives his right to later amend his complaint." *Johnson v. Lincoln Christian College*, 150 Ill. App. 3d 733, 748 (1986). Nevertheless, relying on *Johnson*, he asserts that we should exercise our discretion and grant him leave to amend. In *Johnson*, the reviewing court granted the plaintiff leave to amend his complaint, despite the plaintiff's forfeiture, based on its conclusion that repleading below would have been a futile effort where, under the facts of that case, no count would have been saved by repleading. *Id.* ¶ 748-49. Defendant makes no argument as to how that case applies here. Indeed, defendant argues that repleading below *would* have cured his pleading, allowing him to set forth the facts and circumstances supporting review of his treatment and care. Accordingly, we hold him to his forfeiture.

¶ 28                                III. CONCLUSION

¶ 29    For the reasons stated, we vacate the trial court's order denying defendant's motion to reconsider and we affirm the judgment of the circuit court of McHenry County granting the Director's motion to dismiss defendant's Amended Petition.

¶ 30    Affirmed in part and vacated in part.