# Illinois Official Reports

## Appellate Court

---

### *People v. Conley*, 2020 IL App (2d) 180953

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JOHN D. CONLEY, Defendant-Appellant (Rob Jeffreys, Director, Illinois Department of Corrections, Intervenor-Appellee). |
| District & No. | Second District<br>No. 2-18-0953 |
| Filed | May 7, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Lee County, No. 05-CF-73; the Hon. Charles T. Beckman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Allison B. Fagerman, of Law Office of Allison B. Fagerman, P.C., of Rock Falls, for appellant.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Jonathan J. Sheffield, Assistant Attorney General, of counsel), for intervenor-appellee. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.<br>Justices McLaren and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1    In 2005, defendant John D. Conley was charged with predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2004)) and several other sex crimes. Conley had prior convictions for aggravated criminal sexual assault and aggravated criminal sexual abuse (*People v. Conley*, No. 2-93-0889 (1995) (unpublished order under Illinois Supreme Court Rule 23)) and possession of child pornography. The victims of his sex crimes included a family member as well as two young children he had been babysitting while he was on parole. In lieu of criminal prosecution on these new charges, the State sought Conley's civil commitment, and in 2006 he was adjudicated a sexually dangerous person under the Sexually Dangerous Persons Act (SDP Act) (see 725 ILCS 205/0.01 *et seq.* (West 2004)) and committed to the Department of Corrections (Department) under the guardianship of its Director.[1] Conley has resided at Big Muddy Correctional Center (Big Muddy) ever since.

## I. BACKGROUND

¶ 2

¶ 3    In 2007 and again in 2011, Conley applied for discharge or conditional release under section 9 of the SDP Act. *Id.* § 9. Each time, the trial court held a hearing and denied Conley's application because there was insufficient evidence that Conley was no longer dangerous. We affirmed both decisions. See *People v. Conley*, 2011 IL App (2d) 100720-U; *People v. Conley*, 2015 IL App (2d) 140925-U.

¶ 4    In 2016, instead of filing a recovery petition under section 9 of the SDP Act (725 ILCS 205/9 (West 2016)), Conley filed a petition seeking judicial review of his treatment under section 8. That section provides as follows:

> "§ 8. If the respondent is found to be a sexually dangerous person then the court shall appoint the Director of Corrections guardian of the person found to be sexually dangerous and such person shall stand committed to the custody of such guardian. The Director of Corrections as guardian shall keep safely the person so committed until the person has recovered and is released as hereinafter provided. The Director of Corrections as guardian shall provide care and treatment for the person committed to him designed to effect recovery. Any treatment provided under this Section shall be in conformance with the standards promulgated by the Sex Offender Management Board Act and conducted by a treatment provider licensed under the Sex Offender Evaluation and Treatment Provider Act. The Director may place that ward in any facility in the Department of Corrections or portion thereof set aside for the care and treatment of sexually dangerous persons." *Id.* § 8.

In *People v. McDougle*, 303 Ill. App. 3d 509 (1999), this court held that it was implicit in the SDP Act—and in section 8 specifically—that sexually dangerous persons may "seek judicial review of the adequacy of the care and treatment being provided to them by the DOC." *Id.* at 517; see also *People v. Kastman*, 2015 IL App (2d) 141245, ¶ 3.

¶ 5    Conley filed a *pro se* petition under section 8, and the trial court appointed him counsel. In his amended petition, Conley alleged that his treatment was "constitutionally inadequate" and

---

[1]At Director Rob Jeffreys's request, he has been substituted as a party for his predecessor in office, John Baldwin. 735 ILCS 5/2-1008(d) (West 2018).

therefore not designed to effect his recovery as required by section 8 of the SDP Act. Relevant to this appeal, Conley alleged that he required substance abuse treatment, which he had not received. Conley also made a number of additional allegations such as complaining that Big Muddy is understaffed, that his "completed homework [had] been lost by treatment staff," that he was not allowed to have pictures of family members, that the "disciplinary violations" he allegedly committed resulted in punishment that "impede[d]" his treatment progress, and that, generally, the "atmosphere" at the prison was more "correctional" than "therapeutic." Conley asked that the trial court order the Director to modify the treatment plan, remove the Director as his guardian, transfer Conley to a different facility, or discharge him from confinement.

¶ 6        The Director was granted leave to intervene and filed a combined motion to dismiss. See 735 ILCS 5/2-619.1 (West 2016). The Director alleged that Conley failed to state a claim and failed to exhaust his administrative remedies (*id.* §§ 2-615, 2-619(a)(9)), both warranting dismissal. After a hearing, the trial court granted the Director's motion to dismiss on both grounds, and Conley appealed.

¶ 7                                II. ANALYSIS

¶ 8        As noted, the trial court dismissed Conley's petition for failure to state a claim and his failure to exhaust his administrative remedies. *Id.* §§ 2-615, 2-619(a)(9). A motion to dismiss under section 2-615 accepts the well-pled factual basis for a complaint but denies that it stated a legally sufficient claim. *United City of Yorkville v. Fidelity & Deposit Co. of Maryland*, 2019 IL App (2d) 180230, ¶ 59. Conversely, a section 2-619 motion admits the legal sufficiency of the complaint but raises defenses that defeat the claim. *Id.* ¶ 60. We review both such dismissals *de novo*. *Id.* ¶ 61.

¶ 9        The first question before us is whether the allegations in the complaint, when construed in the light most favorable to the plaintiff, were sufficient to establish a cause of action upon which relief may be granted. In this case, arguably, they did. On appeal, Conley has abandoned his criticisms of Big Muddy's staffing, its "atmosphere," and sex-offender-specific programming. Instead, he narrows his focus to a single allegation in his complaint: that he is in need of substance abuse treatment and that the Department has not provided it to him. According to Conley, "three of his previous primary treatment providers," whose names he provided, "all recommended during his group counseling, wherein his cycle of abuse and sex abuse triggers w[as] discussed, that obtaining substance abuse treatment was vital to his progress in the program and to his recovery overall." The Director responds that Conley's complaint alleges "mere disagreements" with his treatment and that it failed to allege that "any specific aspect of his treatment was noncompliant with *** state regulations" regarding the treatment of committed sex offenders.

¶ 10       As noted in section 8 of the SDP Act (725 ILCS 205/8 (West 2016)), the Sex Offender Management Board Act (20 ILCS 4026/15 (West 2016)), and various other statutes, the Sex Offender Management Board has established and published in the Illinois Administrative Code (Code) standards for the evaluation and treatment of adult sex offenders. Although neither party specifically cites it, a section of the Code states that, as part of the treatment methodology, "[t]reatment providers assist clients in obtaining appropriate services for evident problems related to the clients' mental health *and substance use patterns*." (Emphasis added.) 20 Ill. Adm. Code 1905.100(b)(1)(C) (2005). Thus, Conley pled that his treatment was *not* in conformance with the Sex Offender Management Board's standards per section 8 of the SDP

Act (725 ILCS 205/8 (West 2016)), which is a colorable claim under *McDougle*, 303 Ill. App. 3d at 517. Although the Director notes that Conley does not have a documented history of substance abuse as a trigger to his sexually motivated behavior, the assertion misses the point. "The object of pleadings is to produce an issue asserted by one side and denied by the other so that a trial can determine the actual truth." *Borcia v. Hatyina*, 2015 IL App (2d) 140559, ¶ 37. Whether Conley *actually* needs substance abuse treatment and whether he should receive such treatment would be factual matters for a hearing.

¶ 11     That said, we nevertheless affirm on the ground that Conley failed to exhaust his administrative remedies. In general, a party's failure to exhaust administrative remedies is a straightforward basis for disposing of that party's complaint by way of a motion to dismiss under either section 2-615 or section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619(a)(9) (West 2016)). See *Beahringer v. Page*, 204 Ill. 2d 363, 370-72 (2003); *Village of West Dundee v. First United Methodist Church of West Dundee*, 2017 IL App (2d) 150278, ¶ 15. We agree with the Director that, although sexually dangerous persons have been civilly committed rather than criminally imprisoned (see *Allen v. Illinois*, 478 U.S. 364, 373 (1986)), they are nevertheless "offenders" who have been committed to the Director's custody (see 20 Ill. Adm. Code 504.10, 504.802 (2017); 725 ILCS 205/8 (West 2016)) and are therefore subject to the grievance procedures outlined in subpart F of part 504 of Title 20 of the Code (20 Ill. Adm. Code 504.Subpart F). Accordingly, Conley's failure to exhaust his administrative remedies—or to plead exhaustion or assert some exception to the exhaustion requirement— provides a sound basis for the dismissal of his complaint.

¶ 12     Our decision today is consistent with *Beahringer*, 204 Ill. 2d 363, wherein our supreme court held that prisoners must exhaust their administrative remedies through the Department's grievance procedures before seeking a declaratory judgment, even though the declaratory judgment statute (735 ILCS 5/2-701 (West 2000)) contained no exhaustion requirement. As the court explained, principles of judicial restraint and separation of powers counsel deference to prison grievance procedures and the decisions of prison administrators. Requiring exhaustion

> "allows the agency to fully develop and consider the facts of the cause and to utilize its expertise; it protects the agency processes from impairment by avoidable interruptions; it gives the aggrieved party the opportunity to succeed before the agency; and it allows the agency to correct its own errors, thus conserving valuable judicial resources." *Beahringer*, 204 Ill. 2d at 375.

Moreover, "[o]perating a prison is an extremely difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are exclusively within the province of the legislative and executive branches of government." *Id.*

¶ 13     What was said in *Beahringer* certainly holds true for treatment decisions regarding sexually dangerous persons. The treatment of sexually dangerous persons is a serious and sensitive undertaking. Accordingly, the legislature, in section 8 of the SDP Act, provided the Director with "substantial discretion in determining the appropriate care and treatment to be given to a sexually dangerous person." *McDougle*, 303 Ill. App. 3d at 516. Thus, we determine that in cases under section 8 of the SDP Act, "judicial interference must be withheld until the administrative process has run its course." *Beahringer*, 204 Ill. 2d at 375.

¶ 14     We note that, at oral argument, Conley's counsel explained that he believed the exhaustion requirement was limited to claims falling under the Prison Litigation Reform Act of 1995

(PLRA) (42 U.S.C. § 1997e (2018)). That is simply incorrect. The PLRA codified an exhaustion requirement for prisoners bringing civil rights litigation under *federal* law (see *id*. § 1997e(a)), which does not apply to a proceeding brought under section 8 of the SDP Act, or any other *state* law. Put differently, nothing in the PLRA, or any other federal law for that matter, could prevent a state court from applying the doctrine of administrative exhaustion in a state-law proceeding.

¶ 15 In sum, we hold that Conley may seek judicial review of the Director's treatment decisions only after all administrative remedies have been availed of and exhausted. In his complaint, Conley did not allege that he sought administrative review of his treatment, he did not allege any exception to the doctrine of exhaustion (see, *e.g.*, *Canel v. Topinka*, 212 Ill. 2d 311, 321 (2004)), and nothing in the record indicates that his compliance with the Department's grievance procedures would be impractical or unjust. Accordingly, while Conley's complaint arguably stated a claim, it still was properly dismissed for his failure to exhaust the Department's administrative remedies.

¶ 16                                    III. CONCLUSION

¶ 17 Therefore, we affirm the judgment of the circuit court of Lee County dismissing Conley's complaint.

¶ 18 Affirmed.