2021 IL App (2d) 190292
No. 2-19-0292
Opinion filed March 2, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 96-CF-1362 |
| RANDALL G. McVEAY, | ) ) | |
| Defendant-Appellant | ) ) | |
| | ) | Honorable |
| (John Baldwin, I n His Official Capacity as Director of Corrections, Intervenor-Appellee). | ) ) ) | Brendan A. Maher, Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Randall G. McVeay, appeals the trial court's order dismissing his petition for judicial review of his care and treatment as a sexually dangerous person. We affirm.

¶ 2                                      I. BACKGROUND

¶ 3    In 1996, McVeay was declared a sexually dangerous person and committed to the custody of the Director of Corrections (Director). In 2018, he filed a *pro se* "Petition for Judicial Review of Treatment, Care and Conditions Provided By Illinois DOC." The petition was filed pursuant to

section 8 of the Sexually Dangerous Persons Act (Act) (725 ILCS 205/8 (West 2018)) and alleged generally that the treatment and care the Department of Corrections (Department) provided him was not designed to effect his recovery as a sexually dangerous person. See generally *People v. McDougle*, 303 Ill. App. 3d 509, 517 (1999) (holding that, under section 8 of the Act, a sexually dangerous person may "seek judicial review of the adequacy of the care and treatment being provided to them by [the Department]" in the committing court).

¶ 4        McVeay alleged that his treatment as a sexually dangerous person was impeded because he was treated as an ordinary convicted prisoner at the Big Muddy Correctional Center (Big Muddy). He alleged, for example, that (1) the staff at Big Muddy had not performed individualized psychological testing, (2) had not developed an individualized written treatment plan for him, and (3) had not offered him substance abuse treatment. McVeay further complained about inadequate staffing ratios and shoddy recordkeeping procedures.

¶ 5        The Director was given leave to intervene and filed a combined motion to dismiss the petition pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)). The Director alleged that dismissal was warranted because McVeay failed to (1) state a claim (*id.* § 2-615) and (2) exhaust his administrative remedies through the Department's grievance process (*id.* § 2-619(a)(9)). After a hearing, the trial court dismissed McVeay's petition without prejudice and granted him 30 days to file an amended petition. If not, the order would become final and appealable. McVeay did not file an amended petition, and thus the order became final. McVeay filed a timely notice of appeal, and the trial court appointed appellate counsel to represent him.

¶ 6                                II. ANALYSIS

¶ 7                                A. Jurisdiction

¶ 8 Before turning to the merits, we must first address a dispute concerning our appellate jurisdiction—a threshold question that we are duty-bound to consider. See *People v. Walker*, 395 Ill. App. 3d 860, 863 (2009). Although a civil-commitment action is filed in the trial court in lieu of a criminal case (and may result in a deprivation of liberty as well as other quasi-criminal consequences (see *People v. Kennedy*, 43 Ill. 2d 200, 202-03 (1969))), the nature of proceedings under the Act are nevertheless civil (725 ILCS 205/3.01 (West 2018)), and therefore the rules governing civil appeals apply to claims arising from appeals under the Act (*Kennedy*, 43 Ill. 2d at 203).

¶ 9 Under the Act, a person deemed to be sexually dangerous may be indefinitely committed to the Director's custody as guardian. *McDougle*, 303 Ill. App. 3d at 515. Section 8 of the Act requires the Director to "provide care and treatment for the person committed to him designed to effect recovery." 725 ILCS 205/8 (West 2018). In *McDougle*, we held that a committed person had the right under section 8 to file a petition to review his treatment. *McDougle*, 303 Ill. App. 3d at 518.

¶ 10 McVeay contends that he timely filed a notice of appeal from his petition's dismissal under section 8 of the Act, which is a final judgment. Although he does not say as much in his jurisdictional statement (*cf.* Ill. S. Ct. R. 341(h)(4)(ii) (eff. May 25, 2018)), McVeay clearly implies that we have typical final-order jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017). The Director, however, disagrees. The Director asserts that we should characterize the trial court's order as a denial of an injunction against the Director, which would be an interlocutory order subject to review under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). The Director asserts that he filed the section 8 petition in the context of an ongoing-commitment case, which continues until the termination of proceedings when

McVeay is declared recovered under section 9 of the Act. See 725 ILCS 205/9 (West 2018); see also *People v. Cooper*, 132 Ill. 2d 347, 355 (1989) (holding that "a sexually dangerous person remains under the jurisdiction of the court which initially committed him until that court expressly finds that he is not sexually dangerous").

¶ 11 Since *McDougle*, our cases have never entirely addressed appellate jurisdiction to review a final judgment on a petition brought under section 8 of the Act. The only case coming close to that question, *People v. Kastman*, 2015 IL App (2d) 141245, was a bit of an outlier. There, our jurisdiction arose from a certified question pursuant to Illinois Supreme Court Rule 308 (eff. Jan 1, 2015), about the appropriate venue for proceedings under section 8 of the Act, which we determined was, naturally, in the committing court. See *Kastman*, 2015 IL App (2d) 141245, ¶¶ 4, 18-20. Nonetheless, other decisions concerning the disposition of section 8 petitions—*e.g.*, *People v. Conley*, 2020 IL App (2d) 180953, *People v. Hoffman*, 2020 IL App (2d) 190515-U, and *McDougle*, 303 Ill. App. 3d 509—never grappled with this precise question. We do so now.

¶ 12 In general, a sexually dangerous person may bring two statutory claims under the Act before the committing court. The first is a section 8 petition for the judicial review of treatment while in the Director's custody (725 ILCS 205/8 (West 2018)), and the second is a section 9 petition alleging recovery (*id.* § 9). Each of those claims presents a distinct cause of action and a clear-cut, unmistakable claim for relief. A section 8 claim seeks a judicial declaration that the Director's treatment is inadequate, thus requiring a court to order a remedy (*e.g.*, *Kastman*, 2015 IL App (2d) 141245). In contrast, a section 9 claim asserts that the defendant has "recovered," is no longer sexually dangerous, and may be conditionally released (*e.g.*, *Cooper*, 132 Ill. 2d at 355; *People v. Tunget*, 287 Ill. App. 3d 533, 534 (1997)).

¶ 13    We, therefore, reject the Director's assertion that the denial of McVeay's statutory claim is akin to the denial of an injunction under Rule 307. The mere fact that McVeay has a *statutory* claim proves that the Director's analogy is inapt. Equitable jurisdiction to issue injunctive relief is reserved for those "rare occasions *** in cases of great necessity" (*People ex rel. Swift v. Superior Court of Cook County*, 359 Ill. 612, 616 (1935)) where the movant has no other adequate remedy at law. See *First National Bank & Trust Co. of Evanston v. Rosewell*, 93 Ill. 2d 388, 392 (1982). Rather, we view requests for relief under section 8 (and, really, section 9) as presenting a new, distinct claim within a more extensive action. Accordingly, so long as there is no other claim pending before the trial court, we are unimpeded in our review of the court's final order, which dismissed the petition entirely.

¶ 14    We hypothetically note that McVeay could have brought claims under *both* section 8 and section 9 of the Act. Suppose the trial court disposed of only one of those claims, and McVeay wished to appeal that initial determination separately. In that case, it seems axiomatic that he could seek interlocutory review of the court's order under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). *Cf. John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 340 (2001). But, here, McVeay brought a claim for relief under section 8 of the Act. The trial court heard and denied that claim, leaving no other matter pending before the court. McVeay then timely filed a notice of appeal. Accordingly, we have jurisdiction under Rules 301 and 303.

¶ 15                                B. Dismissal

¶ 16    Jurisdiction aside, McVeay contends that the trial court erred by dismissing his section 8 petition. McVeay argues that a petition such as his must almost necessarily be filed *pro se* and, as such, a relaxed pleading threshold should apply. In that light, he contends that his petition alleged sufficient specific facts to survive a motion to dismiss. The Director responds that Illinois remains

a fact-pleading jurisdiction, and even under a relaxed standard, McVeay's petition fails to allege specific facts warranting a judicial review of his treatment. The Director further responds that McVeay failed to allege that he has exhausted his administrative remedies (*i.e.*, the prison's grievance procedures), which is required to proceed under section 8. We agree with this latter contention.

¶ 17    The trial court dismissed McVeay's petition under section 2-619.1 of the Code. This section allows a party to combine a section 2-615 (735 ILCS 5/2-615 (West 2018)) motion to dismiss based upon insufficient pleadings with a section 2-619 (*id.* § 2-619) motion to dismiss based upon an affirmative defense. *U.S. Bank Trust National Ass'n v. Lopez*, 2018 IL App (2d) 160967, ¶ 17. A section 2-615 motion to dismiss accepts the well-pled factual basis for a complaint but denies that it states a legally sufficient claim. *Conley*, 2020 IL App (2d) 180953, ¶ 8. Conversely, a section 2-619 motion admits the complaint's legal sufficiency but raises defenses that defeat the claim. *Id.* We review *de novo* both such dismissals. *Id.* The failure to exhaust administrative remedies is a basis for dismissal under either section 2-615 or 2-619(a)(9). *Id.*

¶ 18    In *McDougle*, we held that a committed person had the right under section 8 to seek judicial review of his care under the Director's guardianship. *McDougle*, 303 Ill. App. 3d at 518. Subsequently, in *Conley*, we held that persons committed under the Act, are "subject to the grievance procedures outlined in subpart F of part 504 of Title 20" of the Illinois Administrative Code. *Conley*, 2020 IL App (2d) 180953, ¶ 11 (citing 20 Ill. Adm. Code 504.Subpart F). In *Conley*, we held that, because the petitioner did not adequately allege that he had exhausted his administrative remedies or that an exception to the exhaustion requirement applied, the trial court properly dismissed his petition. *Id.*

¶ 19    Here, McVeay did not allege that he had complied with the Department's grievance procedure. In response to the Director's motion to dismiss, he asserted that he was *not* required to exhaust administrative remedies before filing under section 8. As noted, McVeay declined to file an amended complaint. Although McVeay's pleadings predate our decision in *Conley*, the result must be the same—" 'judicial interference must be withheld until the administrative process has run its course.' " *Id.* ¶ 13 (quoting *Beahringer v. Page*, 204 Ill. 2d 363, 375 (2003)).

¶ 20    In this court, McVeay does not argue that he pleaded sufficient facts to show that he exhausted his administrative remedies. He argues only that we should apply a relaxed pleading standard to overlook the petition's lack of factual specificity. However, deficiencies in a complaint caused by its failure to allege specific facts may not be cured by liberal construction. *Boylan v. Martindale*, 103 Ill. App. 3d 335, 347 (1982). For example, under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)), a petition needs to state only the gist of a constitutional violation. Our supreme court has recognized that this "low threshold" does not excuse a *pro se* petitioner from providing any factual detail at all. Instead, a petition "must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent." *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). Here, other than a single brief reference to the existence of grievance procedures at the prison, McVeay's petition alleged no facts showing that he availed himself of, let alone exhausted, the Department's grievance process. Thus, under any pleading standard, the trial court properly dismissed McVeay's petition for failure to exhaust administrative remedies.

¶ 21                                III. CONCLUSION

¶ 22    Once again, we reiterate that "[t]he treatment of sexually dangerous persons is a serious and sensitive undertaking." *Conley*, 2020 IL App (2d) 180953, ¶ 13. We emphasize that a section

8 petition seeking judicial review *requires* a well-developed record of administrative proceedings so that the court may make an *informed* decision on the matter. Sexually dangerous persons who file a section 8 petition without first seeking administrative review do themselves and the courts a disservice by cluttering up the docket with pleadings that are doomed to failure. For these reasons, we affirm the judgment of the circuit court of Winnebago County.

¶ 23     Affirmed.

---

**No. 2-19-0292**

---

| | |
|---|---|
| **Cite as:** | *People v. McVeay*, 2021 IL App (2d) 190292 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 96-CF-1362; the Hon. Brendan A. Maher, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Michael J. Phillips, of Freeport, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Jonathan J. Sheffield, Assistant Attorney General, of counsel), for intervenor-appellee.<br><br>No brief filed for the People. |

---